IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DASHA LONG, Individually and on behalf
of her minor children, M.L., and L.L.,
as mother and general guardian

    *Plaintiffs*

v.

GABLES RESIDENTIAL SERVICES, INC.

and

BERKSHIRE APARTMENTS, LLC

    *Defendants.*

Case No. 1:21-cv-00881

## BERKSHIRE APARTMENTS, LLC'S REPLY MEMORANDUM IN SUPPORT OF SECOND MOTION FOR SUMMARY JUDGMENT

Defendant Berkshire Apartments, LLC [Berkshire], by counsel, replies to Plaintiffs' Opposition to Defendant's second motion for summary judgment.

### Plaintiffss Failed to Submit Any Evidence to Establish a Disputed Issue of Fact

Plaintiffs failed to meet their burden to survive summary judgment:

> In order to survive a motion for summary judgment, the non-moving party must present more than mere conclusory allegations." *Teru Chang v. Inst. for Public-Private P'ships, Inc.*, 846 A.2d 318, 323 (D.C. 2004) (citation omitted). "There is no issue for trial unless there is sufficient **evidence** favoring the nonmoving party for a jury to return a verdict for that party." *Brown v. George Wash. Univ.*, 802 A.2d 382, 385 (D.C. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)). "[A] party opposing a motion for summary judgment must produce at least enough **evidence** to make out a *prima facie* case." *Joeckel v. Disabled Am. Veterans*, 793 A.2d 1279, 1281-82 (D.C. 2002).

*Va. Acad. of Clinical Psychologists v. Group Hospitalization & Med. Servs.*, 878 A.2d 1226, 1233 (D.C. 2005). The evidence must be in the form of an affidavit or discovery responses that

would be admissible in evidence at trial. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56

      Plaintiffs contend there is an issue of fact over whether any of the people working at the apartment building were employees of Berkshire, but they offer no evidence to support their contention. They assert that since Berkshire entered a contract with Gables Residential Services [Gables] to manage the building, whoever signed the management agreement must be an employee of Berkshire. But the managing member of a single purpose LLC can enter a contract. Simply put, the owner contracted with Gables to manage the apartment building. All the people working there were employed by Gables. And there is no evidence that Berkshire exercised any control over the employees of Gables.

      Plaintiffs complain there is no documentary evidence to support the facts set forth in the Zupnik Affidavit. Plainly, the Zupnik Affidavit itself is evidence that the Court may consider on a motion for summary judgment. Plaintiffs might suspect the statements made in the Affidavit are false, but it is their burden to come forth with some **evidence** to show that a dispute of material fact exists. In the absence of evidence to the contrary, it is undisputed that Berkshire had no employees working in the apartment building at the time of the events giving rise to the claims asserted in the Amended Complaint.

      Plaintiffs concede that they cannot rely on unsupported allegations or denials and that their Opposition must be supported by affidavits or other evidence setting forth the specific facts

demonstrating a genuine issue for trial. ECF 33, Opp. at 4. Plaintiffs did not offer an affidavit or any other evidence to support the contention that Berkshire employed the concierge or any other person working at the apartment building. Instead, they argue that one individual, Dawn Wunderle, signed all portions of the lease on behalf of Berkshire and Gables. ECF 33, Opp. at 11, 12. They then go on to list multiple instances where Ms. Wunderle signed **as agent for** the owner or **on behalf of** the owner Berkshire. Finally, Plaintiffs point to Ms. Wundrle's email address, Berkshire@Gables.com, as evidence she was employed by Berkshire even though the domain is plainly Gables. None of this "evidence" contradicts the facts set forth in the Zupnik Affidavit. To the contrary, it shows that Gables was acting on behalf of Berkshire as its property manager.

"The mere existence of *some* alleged factual dispute between the parties" will not defeat summary judgment; 'the requirement is that there be no *genuine* issue of *material* fact.'" *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. App. 2006) (citing *Anderson*, 477 U.S. at 247-48). It is undisputed that the acts complained of were committed by employees of co-defendant Gables. Assuming there could be an issue over whether or not they were acting in the course of their employment with Gables makes no difference in resolving this motion. Similarly, the existence or scope of any indemnification agreements between Berkshire and Gables is immaterial. Regardless of the existence of any such agreements, in the absence of evidence to the contrary, Plaintiffs' complaints are directed against employees of Gables, not Berkshire.

In their preliminary statement and conclusion, Plaintiffs insist that discovery pursuant to Rule 56(d) is warranted before the Court rules on Berkshire's motion for summary judgment. But the Rule is inapplicable here. The Rule provides:

> **(d) when facts are unavailable to the non-movant.** If a non-movant shows **by affidavit** or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . .

Plaintiffs' Opposition is not supported by an affidavit. Mr. Zupnik's Affidavit meets the requirements of the Rule.[1] In addition, Plaintiffs have not identified any specific reason why discovery should be allowed. They have not even identified what discovery they think should be taken to create a dispute over whether or not Berkshire employed any of the people working at the apartment building.

Plaintiffs also fail to state a claim for discrimination as a matter of law. In *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67 (2nd Cir. 2021), the Second Circuit, sitting *en banc*, noted that a management company's deliberate indifference to discrimination in custodial settings may state a plausible claim because they can exert control over people in their custody, unlike over free adults:

> In an apparent attempt to avoid the obligation to plead facts that plausibly support an inference that the KPM Defendants were motivated by racial animus, [Plaintiffs] Francis asserts that his allegations establish that the KPM Defendants intentionally discriminated against him under a deliberate indifference theory of liability. This theory of liability has been applied almost exclusively in custodial environments such as public schools and prisons, where it is clear that the defendant has both "substantial control over the context in which harassment occurs" and "a custodial [power over the harasser] . . . permitting a degree of supervision and control that could not be exercised over free adults."

*Id.* at 74, 2021 U.S. App. LEXIS 8761, *9-10, 2021 WL 1137441. Even in the custodial setting, the *Wetzel* court noted, "[h]ad the management defendants done nothing but listen, we might have a more limited case. *Wetzel* 901 F.3d at 860.

The *Wetzel* court also noted that the discriminatory actions were 'both severe and pervasive.' The actions of the residents went far beyond 'mere rudeness' and the court emphasized these statutes are not meant to be 'a general civility code' but a protection against deliberate discrimination. The severe and pervasive behavior of the tenants in *Wetzel*, taken together with

---

[1] An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence and show that the affiant or declarant is competent to testify on the matters stated. Fed.R.Civ.P.56(c)(4).

the deliberate indifference to it and the abuse by the management employees make this case easily distinguishable.

The Amended Complaint mentions only two instances when the police were called to her apartment to check on the welfare of an infant crying for hours at night. Tenants are free to contact the police. The police investigate complaints on their own without direction from management or tenants. Plaintiffs voluntarily agreed to the lease which allows a right of entry in emergencies. Her belief the police response was not needed does not create a cause of action or provide a plausible case for liability of either Defendant.

### The Cases Cited by Plaintiffs Are Inapposite

Plaintiffs rely on cases involving sexual assaults in custodial settings. *Wetzel v. Glen St. Andrew Living Cmty., LLC*, 901 F.3d 856 (7th Cir. 2018) involved a residential community providing custodial care to elderly tenants. Certain residents repeatedly assaulted Plaintiff and her assistive walking devices, making derogatory slurs. Their discriminatory intent was clear from the words used. But that was not all. The evidence showed Plaintiff was barred from common areas, her cleaning services were stopped, and she was physically assaulted by a member of the staff.

### A Landlord is Not Responsible for Resolving Tenant Disputes

Plaintiffs also emphasize HUD's guidance regarding landlord liability. 81 Fed. Reg. Vol. 178, 63054 (Sept. 14, 2016). The guidance specifically notes that "not every quarrel among neighbors amounts to a violation of the Fair Housing Act." *Id.* at 63069. HUD outlines the burden on Plaintiffs. First, they must prove that "the third-party created a hostile environment" for the Plaintiffs or complainant. The Amended Complaint fails on this first prong. Plaintiffs allege a single unnamed resident making a racially discriminatory comment, and then banging on the wall,

and ultimately calling the police, with concerns over her infant crying for hours at night. While unneighborly, this conduct does not create a hostile environment.

Plaintiffs' claim fails on the third prong as well. "The housing provider failed to take prompt action to correct and end the harassment while having the power to do so." Berkshire is not empowered to prevent a tenant from calling 911. Neighbors who are not sympathetic to a crying infant do not create a cause of action for discrimination against the landlord. Plaintiffs' dispute is with their neighbor, not the landlord or management company. While some may disagree with the extent of the decision in *Francis v. Kings Park Manor, Inc.*, 91 F. Supp. 3d 420 (E.D.N.Y. 2015), the case was extensively briefed with participation of many *amici* was upheld on appeal. *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67 (2d Cir. 2021).

## CONCLUSION

Federal and state laws meant to protect individuals from intentional discrimination do not impose a code of civility or require landlords to police interactions or resolve disputes between tenants. Even if they did, Berkshire could not be liable for the acts of Gables. Plaintiffs failed to provide any evidence to support a contrary finding. Accordingly, Berkshire respectfully requests that the Court enter summary judgment in its favor.

Respectfully submitted,

JORDAN COYNE LLP

D. Stephenson Schwinn, DC #358825
10201 Fairfax Boulevard, Suite 520
Fairfax, Virginia 22030
(703) 246-0900
Fax: (703) 591-3673
s.schwinn@jocs-law.com
*Counsel for Berkshire Apartments, LLC*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was filed and served through the Court's CM/ECF system and via email this 30 day of December, 2021 upon:

>Catherine Cone, Esquire
>Brook Hill, Esquire
>Washington Lawyers' Committee for Civil Rights and Urban Affairs
>700 14th Street, NW, Suite 400
>Washington, DC 20005
>Catherine_cone@wash law.org
>Brook_hill@washlaw.org
>*Counsel for Plaintiffs*
>
>Brian D. Koosed, Esquire
>Amy J. Eldridge, Esquire
>K&L Gates, LLP
>1601 K Street NW
>Washington, D.C. 20006
>brian.koosed@klgates.com
>amy.eldridge@klgates.com
>*Counsel for Plaintiffs*
>
>Eric J. Pelletier, Esquire
>Anders T. Sleight, Esquire
>Offit Korman, P.A.
>7501 Wisconsin Avenue, Suite 1000W
>Bethesda, Maryland 20814
>Telephone: 240-507-1700
>epelletier@ofitkurman.com
>anders.sleight@offitkunnan.com
>*Counsel for Defendant Gables Residential Services, Inc.*

D. Stephenson Schwinn