IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DASHA LONG, Individually and on behalf : 
of her minor children, M.L., and L.L., :
as mother and general guardian :
                               :
     *Plaintiffs* :
                               :
v. :    Case No. 1:21-cv-00881
                               :
GABLES RESIDENTIAL SERVICES, INC. :
                               :
and :
                               :
BERKSHIRE APARTMENTS, LLC :
                               :
     *Defendants.* :

**DEFENDANT'S REPLY TO COUNTER STATEMENT OF DISPUTED FACT**

| | |
|---|---|
| 1. The Berkshire Apartments, LLC is a single purpose entity and owner of the Berkshire Apartments located at 4201 Massachusetts Ave, NW, Washington, D.C. Zupnik Affidavit, ¶ 3. | 1. Denied. The Berkshire Apartments, LLC has provided an affidavit supporting this fact, but proffered no documents or other evidence that would support this fact. Plaintiffs have not yet had an opportunity to conduct discovery or question a corporate representative on this point. Plaintiffs therefore have no basis to either admit or deny this fact, and cannot do so without discovery on it pursuant to FRCP 56(d). Accordingly, and in an abundance of caution, Plaintiffs deny this asserted fact. |
| 2. Berkshire Apartments, LLC contracted with Defendant Gables Residential Services, Inc. to perform property management services at The Berkshire Apartments. Zupnik Affidavit, ¶ 4. | 2. Denied. There are numerous questions regarding the nature and scope of the relationship between Berkshire Apartments, LLC and Gables Residential Services, Inc., including, but not limited to:<br>    a.    any delegated authority to bind Berkshire Apartments, LLC (Opp, Section I and Ex. A);<br>    b.    Gables Residential Services, Inc.'s status, including whether it is an |

| | |
|---|---|
| | "independent contractor" (Opp at 5-6, 7); and<br>c.   the identified responsibilities of Gables Residential Services, Inc. at The Berkshire Apartments ("The Berkshire") (Opp. at 6, 7, 21). |
| 3. Berkshire Apartments, LLC relies on the skill and experience of its independent contractor defendant Gables to manage the Berkshire Apartments property, including tenant relations and property repairs. Zupnik Affidavit, ¶ 6. | 3. Denied. As reflected on the face of the Berkshire Defendant's motion, its involvement and oversight of staff and events of The Berkshire directly contradicts the defendant's proposed undisputed fact #3. |
| 4. Berkshire Apartments, LLC has no employees. Zupnik Affidavit, ¶ 2. | 4. Denied. As reflected on the face of the Lease (Ex. A, ECF No. 2; Opp Section I) and the Berkshire Defendant's motion, the employer of each and every person who works at The Berkshire, located at 4201 Massachusetts Ave, NW, Washington, D.C. is undetermined. |
| 5. Berkshire Apartments, LLC did not condone or ratify any of the acts alleged in the Amended Complaint purportedly giving arise to the claims. Zupnik Affidavit, ¶ 5. | 5. Denied. As reflected on the face of the Lease (Ex. A, ECF No. 2) and throughout the Berkshire Defendant's motion, its involvement with the actions of the staff at The Berkshire are unsettled. Further, the Berkshire Defendant has put forth no evidence indicating any steps taken which would support its bald assertion here, after being sued, that it did not approve. |
| 6. Berkshire Apartments, LLC has never supervised or directed Gables Residential Services, Inc. in the means and methods used to manage the property. Zupnik Affidavit, ¶ 7. | 6. Denied. As reflected on the face of the Lease (Ex. A, ECF No. 2) and throughout the Berkshire Defendant's motion, its involvement with the actions of the staff at The Berkshire are unsettled. |
| * | * |
| 7. The asserted disputed fact is not material to whether Berkshire is entitled to summary judgment. Nevertheless, it is undisputed that the police responded to multiple 911 calls about Ms. Long's crying baby. ECF 13 Amended Compl. at ¶¶34-39. | 7. That Metropolitan Police Department of the District of Columbia ("MPD") officers told staff working at The Berkshire that MPD was at The Berkshire building to conduct a wellness check. Cf. ECF No. 31-3 at 10. |
| 8. The asserted disputed fact is not material to whether Berkshire is entitled to summary judgment. Nevertheless, it is undisputed that | 8. That MPD instructed staff working at The Berkshire to open Ms. Long's apartment door during the incident where MPD entered the |

| | |
|---|---|
| the police responded to multiple 911 calls about Ms. Long's crying baby. Amended Compl. at ¶¶34-39. | Long residence in the middle of the night. *Cf.* ECF No. 31-3 at 10. |
| 9. The asserted disputed fact is not material to whether Berkshire is entitled to summary judgment. Nevertheless, it is undisputed that the police responded to multiple 911 calls about Ms. Long's crying baby. ECF 13 Amended Compl. at ¶¶34-39. | 9. That there was an emergency within the scope of the "When We May Enter" clause in Ms. Long's lease (ECF No. 2), excusing staff working at The Berkshire for opening the door to the Long family residence in the middle of the night for MPD, without a warrant *or* notice to Ms. Long. *Cf.* ECF No. 31-3 at 10-11. |
| 10. The asserted disputed fact is not material to whether Berkshire is entitled to summary judgment. Nevertheless, it is undisputed that the police responded to multiple 911 calls about Ms. Long's crying baby. ECF 13 Amended Compl. at ¶¶34-39. | 10. That "police believed that there was cause to enter the apartment." *Cf.* ECF No. 31-3 at 10. There are no facts in the record to support any information about what the "police believed." |
| 11. The asserted disputed fact is not material to whether Berkshire is entitled to summary judgment. Nevertheless, it is undisputed that the police responded to multiple 911 calls about Ms. Long's crying baby. ECF 13 Amended Compl. at ¶¶34-39. | 11. That the police instructed staff working at The Berkshire to open Ms. Long's apartment door during the incident where MPD entered the Long residence to attempt service of a barring notice. *Cf.* ECF No. 31-3 at 11. There are no facts in the record to establish what the police "instructed." |
| 12. The asserted disputed fact is not material to whether Berkshire is entitled to summary judgment. | 12. That sufficient facts are established to support any conclusion regarding steps taken by staff at The Berkshire that might provide defendants with a defense, regardless of the legality of the police entering the Long residence without a warrant, on either occasion described in the Complaint. |
| 13. The existence of any indemnification agreements is not material to whether Berkshire is entitled to summary judgment. | 13. The existence of any indemnification agreements between Berkshire Apartments, LLC and Gables Residential Services, Inc. allocating premises or other liability (Opp. at 8). |
| 14. The scope of any indemnification agreements is not material to whether Berkshire is entitled to summary judgment. | 14. The scope of any indemnification agreements between Berkshire Apartments, LLC and Gables Residential Services, Inc. (Opp. at 8). |

December 30, 2021                    Respectfully submitted,

                                     JORDAN COYNE LLP

                                     _____
                                     D. Stephenson Schwinn, DC #358825
                                     10201 Fairfax Boulevard, Suite 520
                                     Fairfax, Virginia 22030
                                     (703) 246-0900
                                     Fax: (703) 591-3673
                                     s.schwinn@jocs-law.com
                                     *Counsel for Berkshire Apartments, LLC*


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was filed and served through the Court's CM/ECF system and via email this 30 day of December, 2021 upon:

Catherine Cone, Esquire
Brook Hill, Esquire
Washington Lawyers' Committee for Civil
Rights and Urban Affairs
700 14th Street, NW, Suite 400
Washington, DC 20005
Catherine_cone@wash law.org
Brook_hill@washlaw.org
*Counsel for Plaintiffs*

Brian D. Koosed, Esquire
Amy J. Eldridge, Esquire
K&L Gates, LLP
1601 K Street NW
Washington, D.C. 20006
brian.koosed@klgates.com
amy.eldridge@klgates.com
*Counsel for Plaintiffs*

Eric J. Pelletier, Esquire
Anders T. Sleight, Esquire
Offit Korman, P.A.
7501 Wisconsin Avenue, Suite 1000W
Bethesda, Maryland 20814

Telephone: 240-507-1700
epelletier@oflitkurman.com
anders.sleight@offitkunnan.com
*Counsel for Defendant Gables Residential Services, Inc.*

/s/ D. Stephenson Schwinn
D. Stephenson Schwinn