UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEWIS et al. <br><br> Plaintiffs, <br><br> v. <br><br> GABLES RESIDENTIAL et al, <br><br> Defendants. | Case No. 21-cv-881-ACR |

ORDER SETTING MEDIATION AND
ESTABLISHING MEDIATION PROCEDURES

This case was referred to the undersigned for mediation by Judge Ana C. Reyes. *See* Min. Order, Dec. 11, 2023. Accordingly, it is hereby

**ORDERED**:

1. The lead attorneys for the parties shall appear before the undersigned for mediation on May 20, 2024 at 10:30 a.m., by video teleconference.[1]

2. The parties and counsel shall comply with each of the following requirements:

    **PARTICIPANTS IN MEDIATION**: The lead attorneys for each party must attend the mediation. The parties shall attend the mediation, be available by telephone, or delegate settlement authority to counsel. No later than **two business days** prior to the date of the scheduled mediation, counsel for each party shall advise the Court of the name, title, and contact information of each person who will be participating in the mediation on behalf of that party and designate which individuals will have settlement or negotiating authority. This information should be submitted to Meriweather_Mediation@dcd.uscourts.gov. The subject line of the email should identify the case name and docket number.

    **SETTLEMENT AUTHORITY**: An individual with settlement authority should be present at mediation. If circumstances arise that make it unlikely that counsel will be able to comply with this requirement, counsel shall promptly notify Chambers.

---

[1] All references in this Order to "attending" or being "present at" the mediation refer to participation by video.

**CONFIDENTIAL MEDIATION STATEMENTS**:  Counsel shall submit a confidential mediation statement no later than **five business days** prior to the mediation date. The statements should be submitted to Meriweather_Mediation@dcd.uscourts.gov and the subject line of the email should identify the case name and docket number.  Confidential mediation statements should not exceed six pages and should:

- briefly describe the circumstances that gave rise to the litigation and the claims or defenses being raised;
- candidly assess the strengths and weaknesses of the parties' claims and defenses;
- identify the important factors (factual, legal, and/or practical) that counsel believes will affect whether the case may be settled;
- if discovery has not been completed, state whether the exchange of any documents or records prior to mediation would make the mediation session more productive and describe the nature of any such documents or records;
- describe the necessary terms in any settlement (i.e., scope of release, non-monetary relief, disposition of related proceedings, etc.); and
- describe the status of settlement negotiations including offers or demands that have been made.

**RESCHEDULING MEDIATION**: If any attorney or party is unavailable on the date and at the time set for mediation, the attorney shall notify Chambers and the other attorneys in the case as soon as possible.  The attorney with the scheduling conflict shall bear the responsibility of confirming a new date and time with the other attorneys and the Court.  The parties need not file a motion in order to change a mediation date; they may simply contact Chambers if all parties consent to a date change.

**TRANSLATION OR SIGN LANGUAGE INTERPRETERS**: In the event that a party requires sign language interpreting during mediation, the parties shall notify the Court of that request at least three weeks prior to the mediation.  If the parties require any other language interpretation or translation services during the mediation, shall notify the Court, and are responsible for providing it themselves.

3

**CONTACTING CHAMBERS**: Questions about the mediation may be directed to Chambers at (202) 354-3270 or Meriweather_Mediation@dcd.uscourts.gov.

Dated: April 9, 2024

ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE